ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JESÚS RODRÍGUEZ VÉLEZ<br><br>Peticionario | TA2026CE00365 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>EVI2013G0013<br><br>Sobre: Art. 93 CP |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece Jesús Rodríguez Vélez ("señor Rodríguez Vélez" o "Peticionario"), por derecho propio y en forma *pauperis*, mediante recurso de *Certiorari* y nos solicita que revisemos una *Orden* emitida el 27 de febrero de 2026, notificada el 11 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI"). En virtud del aludido dictamen, el TPI presuntamente denegó una solicitud de bonificación instada por el peticionario, a los efectos de acreditar el tiempo que permaneció sumariado fuera de la jurisdicción de Puerto Rico.

Por los fundamentos que proceden, se *desestima* el recurso de *certiorari*, por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

## I.

El 24 de marzo de 2026, el peticionario acudió ante nos, por derecho propio y en forma *pauperis*, mediante un recurso de *Certiorari*. Expuso que se encuentra cumpliendo una pena de reclusión por el delito de asesinato en segundo grado. Alegó que presentó una moción ante el TPI, con la intención de que se le bonificara los treinta y ocho (38) días que estuvo sumariado, y en espera de ser extraditado a Puerto Rico, en Miami, Florida. En atención a ello, sostuvo

que, el 27 de febrero de 2026, notificada el 11 de marzo de 2026, el foro de instancia denegó su petición y le indicó que la bonificación resultaba improcedente, debido a que estuvo sumariado fuera de la jurisdicción de Puerto Rico. Inconforme, arguye, de manera somera, que Puerto Rico forma parte de los Estados Unidos y, por tanto, no se encontraba fuera de nuestra jurisdicción.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

**II.**

**-A-**

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.,* pág 109.

**-B-**

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán*

*v. Marti*, 165 DPR 356, 367 (2005). En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra.*

La Regla 32 del Reglamento del Tribunal de Apelaciones dispone que el recurso de *certiorari* deberá ser presentado dentro de los treinta (30) días siguientes a la fecha en que se haya dictado la determinación recurrida. Regla 32 del Reglamento del Tribunal de Apelaciones, *op. cit.*, pág. 47.

Por otro lado, la Regla 34 de nuestro Reglamento regula todo lo relacionado al contenido de los recursos de *certiorari*. Regla 34 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 51-54. De manera particular, la referida regla establece que el escrito deberá contener lo siguiente:

(C) Cuerpo

> (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
> (a) [...]
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
>
> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari. [...]
>
> **(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.**
>
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

[...]

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) [...]

(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

**(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

**(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.**

**(d) Toda resolución u orden, y toda moción** o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, **en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari**, o que sean relevantes a esta. [...]

(Énfasis suplido)

Las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

### III.

En el recurso que nos ocupa, el peticionario nos solicita que revisemos una *Orden* mediante la cual el TPI denegó su solicitud de bonificación. No obstante, el señor Rodríguez Vélez no nos colocó en posición para atender la controversia. De manera particular, destacamos que el peticionario omitió presentar copia de la moción presentada ante el foro de instancia, la determinación recurrida o de cualquier otro documento necesario para auscultar nuestra jurisdicción. Asimismo, tampoco señaló o discutió los errores

presuntamente cometidos por el TPI, conforme exige nuestro Reglamento. Ante el craso incumplimiento con las reglas relacionadas al perfeccionamiento, contenido y forma de los escritos de *certiorari*, nos vemos impedidos de asumir jurisdicción sobre el presente recurso.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos constar en esta *Resolución*, se *desestima* el recurso de *certiorari*, por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones